JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROLLIN SMITH
423 Main Street, Apt. 2R, West Orange, NJ 07052

**(b)** County of Residence of First Listed Plaintiff: **Essex**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Coffey Kaye Myers & Olley
Robert E. Myers, Esquire/Lawrence A. Katz, Esquire
Suite 718, Two Bala Plaza, Bala Cynwyd, PA 19004, 610-668-9800

### DEFENDANTS
New Jersey Transit Rail Operations, Inc.
One Penn Plaza East
Newark, NJ 07105

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [x] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Employers' Liability Act 45, Federal Locomotive Inspection Act, U.S. S. Section 51, et seq.

Brief description of cause:
Plaintiff sustained personal injuries during her employment with New Jersey Transit on August 10, 2020

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** Excess of $150,000.00
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 12/28/21
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROLLIN SMITH**<br>423 Main Street, Apartment 2R<br>West Orange, NJ 07052<br><br>      Plaintiff<br><br>vs.<br><br>**NEW JERSEY TRANSIT RAIL OPERATIONS, INC.**<br>One Penn Plaza East<br>Newark, NJ 07105<br><br>      Defendant | **CIVIL ACTION**<br><br>NO.: _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

1. The plaintiff herein is Rollin Smith, a citizen and resident of the State of New Jersey, residing therein at 423 Main Street, Apartment 2R, West Orange, NJ 07052.

2. The defendant is a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

3. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act" and under "The Federal Safety Appliances Act," Title 49, U.S.C.A., §20301, et seq., and "The Federal Locomotive Inspection Act," Title 49 U.S.C.A., §20701, et seq.

4. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

5. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

6. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. All of the property, equipment and operations involved in the plaintiff's employment herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

8. As a result of the incident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of her injuries; has been unable to attend to her usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to her great detriment and loss.

9. The plaintiff's injuries and damages herein referred to were caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

10. On or about August 10, 2020, at approximately 9:00 a.m., and for sometime prior thereto, plaintiff was employed by defendant New Jersey Transit Rail Operations, Inc., as a locomotive engineer.

11. On the aforementioned date, and at the aforementioned time, plaintiff was working job HR30 and his train was located at Waldwick Station in an interlocking known as WC.

12. On the aforementioned date and at the aforementioned time, plaintiff was in the process of changing ends on the train and was situated on a diesel locomotive.

13. While in the process of leaving the locomotive, plaintiff had to open the door of the cab and then he walked down two steps to get to a narrow walkway to then walk down the side of the locomotive.

14. As the plaintiff was descending the steps of the locomotive, which, unbeknownst to him, was covered with black oil and soot, plaintiff slipped and struck the adjacent handrail causing him to sustain the serious, painful and/or permanent injuries more particularly set forth herein.

15. The aforementioned conditions were caused by the negligence and careless of the defendant, its agents, servants, workmen and/or employees and was further caused by its violation of the Federal Locomotive Inspection Act, as well as the Federal Employers' Liability Act.

16. The negligence of the defendant consisted of the following:

    (a) Failing to inspect, maintain and repair the subject locomotive so as to prevent the expulsion of black oil and soot;

    (b) Failing to inspect and remove the black oil, soot and slippery conditions from the subject locomotive;

    (c) Failing to maintain and properly clean the subject locomotives so as to remove all slippery conditions; namely black oil and soot;

    (d) Failing to repair the subject locomotive so as to prevent the expulsion of black oil and soot;

    (e) Failing to inspect all parts and appurtenances of the locomotive so as to prevent and remove all slippery conditions from the locomotive; namely black oil and soot;

    (f) Failing to remove all slipping and tripping conditions from the subject locomotive; and

   (g) Failing to warn the plaintiff of the presence of slipping and tripping conditions on the locomotive and the locomotive steps.

17. The aforesaid incident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act," and the "Federal Locomotive Inspection Act" and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

18. As a result of the aforesaid incident, plaintiff sustained significant injuries to his left knee, including but not limited to, traumatic tear of the quadriceps tendon requiring surgical repair on August 10, 2020 and hospitalization. Some or all of the injuries are or may be permanent in nature and did require surgical intervention. The full extent of plaintiff's injuries is not presently known.

WHEREFORE, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand ($150,000.00) Dollars.

**COFFEY KAYE MYERS & OLLEY**

BY: _____
ROBERT E. MYERS, ESQUIRE
LAWRENCE A. KATZ, ESQUIRE
Attorneys for Plaintiff
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
610-668-9800

4